# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DARREN E. PERKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 06-0675-CV-FJG |
| | ) |
| TRUMAN MEDICAL CENTER and | ) |
| DR. DAVID HERMANNS, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Currently pending before the Court is plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. # 1).

Pursuant to 28 U.S.C. § 1915, this Court may authorize the commencement or prosecution of any suit without prepayment of fees when an applicant files an affidavit stating that they are unable to pay the costs of the lawsuit. In <u>Martin-Trigona v. Stewart</u>, 691 F.2d 856, 857 (8th Cir. 1982), the court noted:

> There is a two step process to be followed by the district court in considering whether a pro se plaintiff should be permitted to proceed in forma pauperis. First, a determination of whether the plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is, under § 1915([e]), frivolous or malicious and, if so, to dismiss the complaint.

In reviewing plaintiff's pro se Complaint, the Court is concerned that subject matter jurisdiction is lacking. "The existence of subject matter jurisdiction is a threshold issue." <u>Conagra Feed Co. v. Higgins</u>, No. 5:00CV78-H, 2000 WL 1448593, *1 (W.D.N.C. 2000).

> As a Federal Court, we have limited jurisdiction and may only hear matters which fall within our jurisdictional limits. . . . As a consequence, we have a primordial duty, in every case before us, to inquire whether the vital prerequisite of subject matter jurisdiction has been satisfied. . . . Hence, if it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

Poor Richard's Inc. v. U.S. Dept. of Agriculture, No. Civ. 97-700(JRT/RLE), 1998 WL 315380, *2 (D.Minn. 1998)(internal citations and quotations omitted).  See also, Alumax Mill Products, Inc. v. Congress Financial Corp., 912 F.2d 996, 1002 (8th Cir. 1990), quoting, Hughes v. Patrolmen's Benev. Ass'n of City of New York, Inc., 850 F.2d 876, 881 (2d Cir.), cert. denied, 488 U.S. 967 (1988) ("Federal subject matter jurisdiction may be raised at any time during litigation and must be raised sua sponte by a federal court when there is an indication that jurisdiction is lacking.")

"A case falls within a federal district court's diversity jurisdiction only if the amount in issue exceeds $75,000.00 *and* diversity of citizenship among the parties is complete-that is, only if no plaintiff and defendant are citizens of the same State." Conagra Feed Co. 2000 WL 1448593 at *2.  See 28 U.S.C. § 1332.  A federal court also has original jurisdiction involving civil actions which arise under the Constitution, laws or treaties of the United States.  See 28 U.S.C. § 1331.

Plaintiff in his Complaint states that the defendants violated his rights under the 5th, 8th and 14th amendments to the Constitution. Plaintiff alleges that a physician at Truman Medical Center took away his pain medication to force him to take other medication.  Plaintiff also alleges that the nurses refused to warm up food and bring him a beverage.  Plaintiff also complains that Truman Medical Center was attempting to discharge him without helping him locate an outpatient dialysis center.

In Mansaw v. Midwest Organ Bank, No. 97-0271-CV-W-6, 1998 WL 386327,

(W.D.Mo. July 8, 1998), the Court noted:

> "To state a cognizable claim under §1983, a plaintiff's complaint must allege that the conduct of a defendant acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." Walker v. Reed, 104 F.3d 156, 157 (8th Cir. 1997).

Id. at *1. The Court in Mansaw accepted Truman Medical Center's claim that it was not a public entity, governmental entity or political subdivision of the State of Missouri. However, the Court noted that even private entities can be considered as acting under color of state law if their actions are fairly attributable to the State. The Court stated:

> In other words, [t]o act under color of state law . . .does not require . . . that the defendant be an officer of the state. Private acts or conduct may incur liability under § 1983 if the individual is a willful participant in joint action with the State or its agents. . . .The question . . .is whether there is a sufficiently close nexus between the state and the challenged action . . . so that the action . . .may be fairly treated as that of the State itself. . . . Private action is not converted into state action unless the state, by its law, has compelled the act; mere acquiescence is not enough.

Id. at *1 (internal citations and quotations omitted).

In the instant case, plaintiff has not alleged any state action on the part of Truman Medical Center and the Court does not find that Truman Medical Center acted under color of state law in their treatment of plaintiff. Therefore, the Court does not believe that plaintiff's Complaint can be based on federal question jurisdiction.

Diversity jurisdiction is also not available to plaintiff as he is a resident of the State of Missouri and Truman Medical Center is a Missouri entity.

In considering an application for leave to proceed in forma pauperis, "the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. . . . An action fails to state a

3

claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Taylor v. United States, No. 4:97CV2305, 1997 WL 1008226 *1 (E.D.Mo. Dec. 18, 1997)(citations omitted).

Therefore, because the Court is unable to ascertain any basis for federal subject matter jurisdiction the Court hereby **DISMISSES** plaintiff's Complaint without prejudice. Accordingly, plaintiff's Motion to Proceed in Forma Pauperis (Doc. # 1) is hereby **DENIED**.


Date:  September 18, 2006           **S/ FERNANDO J. GAITAN JR.**
Kansas City, Missouri                 Fernando J. Gaitan Jr.
                                           United States District Judge